**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4316**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTONE ALFONSO HOLMES,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:19-cr-00601-WO-1)

Submitted: January 29, 2021                    Decided: February 19, 2021

Before WILKINSON, KING, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Terry Michael Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antone Alfonso Holmes pleaded guilty to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and received a 54-month sentence. On appeal, Holmes' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether Holmes' sentence is substantively reasonable. Holmes has filed a pro se brief arguing that the district court either breached the plea agreement or abused its discretion by varying upward to account for conduct related to charges that had been dismissed pursuant to the plea agreement. For the following reasons, we affirm.

We review criminal sentences for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *United States v. Lynn*, 912 F.3d 212, 216 (4th Cir. 2019) (internal quotation marks omitted). In determining procedural reasonableness, we consider whether the district court properly calculated the Sentencing Guidelines range, treated the Guidelines as advisory, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, selected a sentence based on accurate facts, and sufficiently explained the chosen sentence. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). "[I]f, and only if, we find the sentence procedurally reasonable" will we then consider whether the sentence is substantively reasonable. *United States v. Provance*, 944 F.3d. 213, 218 (4th Cir. 2019) (internal quotation marks omitted). In doing so, we look to "the totality of the circumstances to determine whether the district court abused its discretion in applying the standards set out in [§] 3553(a)(2)." *United States v. Bollinger*, 798 F.3d 201, 221 (4th Cir. 2015). "Where, as here, the sentence is outside the advisory Guidelines range, we must consider whether

2

the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Nance*, 957 F.3d 204, 215 (4th Cir. 2020) (internal quotation marks omitted), *cert. denied*, No. 20-5825, 2020 WL 6385951 (U.S. Nov. 2, 2020). After reviewing the record, we conclude that Holmes' sentence is procedurally and substantively reasonable. We further conclude that Holmes' argument that the court breached the plea agreement is without merit because the court was not a party to the agreement, and nothing in the plea agreement prohibited the court from considering the conduct related to the dismissed counts as relevant conduct.

Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Holmes, in writing, of the right to petition the Supreme Court of the United States for further review. If Holmes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Holmes.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*